IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Antwon Demetriu Peacock, ) | |
| ) | C.A. No. 2:18-1987-HMH-MGB |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Travis Bragg, Warden, FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Antwon Demetriu Peacock ("Peacock"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation, Magistrate Judge Baker recommends granting Respondent's motion to dismiss and dismissing Peacock's petition. After review and for the reasons below, the court adopts the magistrate judge's Report and Recommendation, grants Respondent's motion to dismiss, and dismisses Peacock's petition without prejudice.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

# I. FACTUAL AND PROCEDURAL HISTORY

Peacock is incarcerated at FCI-Bennettsville. On March 19, 2008, a federal grand jury issued a four-count indictment against Peacock. United States v. Peacock, C.A. No. 5:08-cr-82-BR (E.D.N.C.) (Indictment, ECF No. 1).[2] On August 4, 2008, pursuant to a written plea agreement, Peacock pled guilty to count one, conspiracy with intent to possess and distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846, and count three, felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, in the United States District Court for the Eastern District of North Carolina. Id., (Plea Agreement, ECF No. 57). The plea agreement contained a waiver of appellate rights. Id., (Plea Agreement ¶ 2(c), ECF No. 57). Peacock's sentencing range under the United States Sentencing Guidelines ("USSG") was 292 to 365 months' imprisonment as to count one, and 120 months' imprisonment as to count three. Id., (PSR ¶¶ 61, 63). The USSG range included a career offender enhancement under USSG § 4B1.1 based on Peacock's prior North Carolina state drug convictions. Id., (PSR ¶ 56). On December 1, 2008, Peacock received a downward departure pursuant to USSG § 5K1.1 and was sentenced to 205 months' imprisonment, consisting of 205 months as to count one and 120 months as to count three, to be served concurrently. Id., (J., ECF No. 66).

Peacock did not appeal his sentence. On January 11, 2011, Peacock filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, which the district court dismissed as untimely. (Mot. Dismiss Attach. 1 (Mem. Supp. Mot. Dismiss 2), ECF No. 11-1.)

---

[2] This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

On November 16, 2011, Peacock filed a second § 2255 motion, which the court dismissed as successive. (Id. Attach. 1 (Mem. Supp. Mot. Dismiss 2), ECF No. 11-1.) On August 16, 2012, Peacock filed a motion for authorization to file a successive § 2255 motion in the United States Court of Appeals for the Fourth Circuit, which was denied on August 29, 2012. (R&R 2-3, ECF No. 32.)

Peacock filed the instant § 2241 petition on July 17, 2018,[3] arguing that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), one of his prior convictions no longer qualifies as a predicate offense under the career offender sentencing enhancement. (§ 2241 Pet. Attach. 1 (Mem. Supp. § 2241 Pet. 4-5), ECF No. 1-1.) Respondent filed a motion to dismiss on September 25, 2018. (Mot. Dismiss, ECF No. 11.) Peacock filed a response in opposition on October 26, 2018.[4] (Resp. Opp'n Mot. Dismiss, ECF No. 16.) On November 29, 2018, Magistrate Judge Baker ordered the parties to file supplemental briefing on several issues and to produce Peacock's presentence investigation report ("PSR") and the guilty plea and sentencing hearing transcripts. (Nov. 29, 2018 Text Order, ECF No. 17.)

Respondent filed Peacock's PSR on December 20, 2018. (PSR.) Peacock filed supplemental briefs on December 26, 2018 and January 9, 2019.[5] (First Suppl. Br., ECF No. 26; Second Suppl. Br., ECF No. 30.) On January 12, 2019, Respondent filed his supplemental brief and reported that the court reporter from Peacock's guilty plea and sentencing hearings was unable to locate the transcripts from those hearings. (Resp. Suppl. Br. 2 n.2, ECF No. 31.)

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

[4] Id.

[5] Id.

Magistrate Judge Baker filed the Report and Recommendation on March 5, 2019, and recommends granting Respondent's motion to dismiss and dismissing Peacock's petition because (1) Peacock's petition is barred by a valid appeal waiver, and (2) Peacock cannot satisfy the savings clause test under 28 U.S.C. § 2255(e), pursuant to United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), in order to proceed under § 2241. (R&R, generally, ECF No. 32.) After receiving an extension, Peacock filed objections to the Report and Recommendation on March 29, 2019. (Objs., generally, ECF No. 37.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Peacock's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Peacock objects to the magistrate judge's conclusions that (1) enforcing the appellate waiver in Peacock's plea agreement will not result in a miscarriage of justice and (2) Peacock's sentence does not "present an error sufficiently grave to be deemed a fundamental defect," under the Wheeler savings clause test. (Objs., generally, ECF No. 37.)

**A. Appeal Waiver**

Peacock objects to the magistrate judge's conclusion that the appeal waiver contained in Peacock's plea agreement bars the instant action. (Id. 5, ECF No. 37.) Peacock does not challenge the validity of the appeal waiver, but instead argues that enforcing the appeal waiver would result in a miscarriage of justice. (Id., ECF No. 37.) Generally, "a Simmons-based challenge to a sentence falls within the scope of a valid appeal waiver." United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) (citing United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013)). "A waiver remains valid even 'in light of a subsequent change in law.'" Id. (quoting Copeland, 707 F.3d at 529). However, if enforcement of an otherwise valid appeal waiver would result in a miscarriage of justice, then the waiver will not apply. Id. "A proper showing of 'actual innocence' is sufficient to satisfy the 'miscarriage of justice' requirement." Id.

In this case, Peacock does not raise a claim of actual innocence. Instead, he alleges that a subsequent change in law undermines the validity of his sentence. Accordingly, Peacock has not satisfied the "miscarriage of justice" standard, and his claims fall within the scope of his appeal waiver. Moreover, even if Peacock's claims were not barred by a valid appeal waiver, for the reasons discussed below, he cannot satisfy Wheeler's savings clause test to proceed under § 2241. Thus, Peacock's first objection is without merit.

**B. Fundamental Defect**

Peacock further objects to the magistrate judge's recommendation that Peacock's sentence does not present a fundamental defect under Wheeler. (Objs. 7, ECF No. 37.) Collateral attacks challenging the legality of a conviction or sentence are properly brought under

§ 2255, while collateral attacks challenging the execution of a sentence are properly brought under § 2241. In re Vial, 115 F.3d 1192, 1194 & n.5 (4th Cir. 1997). However, a federal prisoner may challenge the legality of his sentence under § 2241, rather than § 2255, if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255); Wheeler, 886 F.3d at 428. Recently, the Fourth Circuit adopted a savings clause test that allows a prisoner to challenge the legality of his sentence under § 2241, rather than § 2255, if:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429.

Peacock alleges that one of his predicate offenses for the career offender enhancement no longer qualifies pursuant to Simmons. (§ 2241 Pet. Attach. 1 (Mem. Supp. § 2241 Pet. 2), ECF No. 1-1.) In Simmons, the Fourth Circuit modified the method by which a North Carolina conviction is classified as a felony offense for purposes of federal sentencing enhancements, and requires sentencing courts to examine whether the particular defendant's maximum possible sentence for the predicate conviction exceeded one year. 649 F.3d at 248.

In United States v. Foote, the Fourth Circuit held that a valid career offender enhancement imposed after United States v. Booker, 543 U.S. 220 (2005), which is later undermined by Simmons, does not present a fundamental defect resulting in a complete miscarriage of justice under § 2255. 784 F.3d 931, 940-44 (4th Cir. 2015). The Supreme Court

of the United States held in Booker that the USSG were no longer mandatory, but were to be considered advisory only. Booker, 543 U.S. at 245. Key to the court's analysis in Foote was that when the petitioner was sentenced, the USSG were advisory and required the sentencing court to conduct an individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a) before a sentence could be imposed. 784 F.3d at 941.

In Wheeler, the Fourth Circuit found that an increase to a mandatory minimum sentence under pre-Booker mandatory guidelines that is later invalidated by a subsequent change in law, presented a sufficiently grave fundamental error to allow the petitioner to satisfy the savings clause test and have his petition heard on the merits. Wheeler, 886 F.3d at 430. Recently, the Fourth Circuit and district courts therein have found that no fundamental defect exists under Wheeler for errors in originally valid sentences imposed pursuant to post-Booker advisory guidelines. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018) (rejecting the government's argument that Foote barred a § 2241 petition that challenged a prisoner's pre-Booker career offender enhancement and noting that "*Foote* undoubtedly would bar [the petitioner's] petition had he been sentenced under the advisory Guidelines"); Kornegay v. Warden, FCI Butner, No. 13-7565, 2019 WL 258720, at *1 (4th Cir. Jan. 17, 2019) (per curiam) (unpublished) (affirming district court's order denying § 2241 relief because petitioner "was sentenced under the advisory Guidelines and *Foote* bars his petition"); Lee v. Andrews, No. 5:18-HC-2031-FL, 2018 WL 4924008, at *2 (E.D.N.C. Oct. 10, 2018) (holding that a career offender enhancement imposed under post-Booker advisory USSG that is later invalidated by a subsequent change in law did not amount to a fundamental defect under Wheeler); Mangum v. Hollembaek, No. 5:16-HC-2293-FL, 2018 WL 4113346, at *2 (E.D.N.C. Aug. 28, 2018)

7

(examining a § 2241 petition that alleged an improper sentence enhancement under Simmons and holding that Foote prevented the court from finding a fundamental defect in sentencing under the Wheeler savings clause test).

Peacock submits that a challenge to a career offender enhancement imposed under the advisory USSG that is later undermined by Simmons is a matter of first impression for the Fourth Circuit. (Objs. 8, ECF No. 37.) Peacock encourages the court to interpret Wheeler and Lester broadly in order to find that "[a]ny sentence that is calculated improperly is a fundamental defect." (Second Suppl. Br. 5, ECF No. 30; Objs. 9-11, ECF No. 37.) However, central to the Fourth Circuit's reasoning in Wheeler and Lester was the fact that in both cases, the pre-Booker sentencing courts did not have discretion to impose sentences lower than the mandatory USSG range. Wheeler, 886 F.3d at 431-32; Lester, 99 F.3d at 714-15. In Lester, the Fourth Circuit noted that "incorrectly applied sentencing benchmarks are fundamentally problematic because they wrongly cabin the district court's discretion to impose a lower sentence when the facts of the crime warrant it." Lester, 909 F.3d at 714. In other words, a pre-Booker sentencing court's lack of discretion in sentencing results in a fundamental defect under Wheeler if a subsequent change in law undermines the calculation of a sentence.

In this case, Peacock was sentenced in 2008, after Booker rendered the USSG advisory only. Thus, Peacock's USSG sentencing range was considered advisory only, and the sentencing court had discretion in determining Peacock's sentence based on the factors in 18 U.S.C. § 3553(a). Moreover, the sentencing court imposed a below-guidelines sentence of 205-months' imprisonment. Accordingly, Peacock's sentence, imposed under the advisory

8

USSG, does not present a fundamental defect under Wheeler.  See Foote, 784 F.3d at 940-41, 944; Lester, 909 F.3d at 715.  Thus, Peacock's objection is without merit.

### III. CONCLUSION

Based on the foregoing, the court finds that Peacock cannot challenge his sentence under § 2241 because § 2255 is not inadequate or ineffective to test the legality of his sentence. Accordingly, the court adopts Magistrate Judge Baker's Report and Recommendation and incorporates it herein.

Therefore, it is

**ORDERED** that Respondent's motion to dismiss, docket number 11, is granted.  It is further

**ORDERED** that Peacock's petition, docket number 1, is dismissed without prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 5, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure